IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENVILLE DIVISION

| | |
|---|---|
| David Curtis Blue, ) | |
| ) | C/A No. 8:15-cv-01364-MBS-JDA |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Carolyn W. Colvin, Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This is an action brought pursuant to Section 205(g) of the Social Security Act (the "Act"), codified as amended at 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner").

I. PROCEDURAL HISTORY

Plaintiff David Curtis Blue protectively filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on October 13, 2011, alleging disability since October 1, 2011. Tr. 22. His applications were denied initially and on reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"). The ALJ held a hearing on November 13, 2013. Tr. 31. The ALJ issued a decision dated December 6, 2013, in which she concluded that Plaintiff was not "disabled" as defined in the Social Security Act. Tr. 25. Accordingly, the ALJ determined that Plaintiff was not entitled to disability insurance benefits or supplemental security income under Sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on January 30, 2015. Tr. 2-8. Thus, the decision of the ALJ became the "final decision" of the

Commissioner for the purposes of judicial review. Plaintiff thereafter brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Jacquelyn D. Austin, for a Report and Recommendation. On July 19, 2016, the Magistrate Judge filed a Report and Recommendation in which she recommended that the Commissioner's decision to deny benefits be affirmed. ECF No. 21. Plaintiff filed objections to the Report and Recommendation on August 1, 2016. ECF No. 23. The Commissioner filed a response to Plaintiff's objections on August 18, 2016. ECF No. 24.

This matter now is before the court for review of the Magistrate Judge's Report and Recommendation. The court is charged with making a *de novo* determination of any portions of the Report to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b).

## II.     STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial

evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). However, the Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

### III.    DISCUSSION

Plaintiff was forty-two years old at the time of his hearing before the ALJ regarding his applications for disability insurance benefits and supplemental security income. Tr. 41. He has a high school diploma and has worked in the past as a loader/material handler, forklift operator, and yarn spooler. Tr. 29, 255-62. He claims disability beginning October 1, 2011, alleging degnerative disc disease of the lumbar spine with radiculopathy, sciatica, and decreased visual acuity. Tr. 24. Plaintiff asserts specific objections to the Report and Recommendation. The court will review each of these objections in turn.

A.     **RFC and Credibility of Plaintiff's Pain Allegations**

Plaintiff objects to the Magistrate Judge finding no error with the ALJ's residual functional capacity ("RFC") determination.[1] ECF No. 23 at 2. Plaintiff argues that the ALJ arrived at this erroneous RFC because she improperly discredited Plaintiff's allegations of pain. Furthermore, Plaintiff charges that the Magistrate Judge "basically parrots those findings, with no true analysis . . . ." ECF No. 23 at 2. The court finds Plaintiff's objection is without merit.

In making a credibility determination of a claimant's allegations of pain, the Fourth Circuit has set forth a two-part test: (1) a plaintiff must make a threshold showing of a "medically determinable impairment which could reasonably be expected to cause . . . the pain that the claimant alleges [he] suffers;" and (2) "the intensity and persistence of the claimant's pain, and the extent to which it affects [his] ability to work, must be evaluated." *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996) (internal quotations omitted). Under the first prong, the ALJ acknowledges that Plaintiff's medically determinable impairments "could reasonably be expected to cause [Plaintiff's] alleged symptoms." Tr. 27. However, despite Plaintiff's threshold showing, the ALJ evaluated Plaintiff's allegations of pain and found them to be "not entirely credible." Tr. 27. The ALJ compared Plaintiff's statements with medical evidence and treatment history from the case record and found inconsistencies. *See Felton-Miller v. Astrue*, 459 F. App'x 226, 229 (4th Cir. 2011) ("Factors in evaluating the claimant's statements include consistency in the claimant's statements, medical evidence, medical treatment history, and the adjudicator's observations of the claimant."). The ALJ highlighted the following pieces of evidence as being inconsistent with Plaintiff's statements:

---

[1] RFC is defined as the most a claimant can still do despite his or her limitations. 20 C.F.R. § 404.1545(a)(1). The ALJ determined that Plaintiff had the residual functional capacity "to perform light work," with certain limitations. Tr. 25.

Plaintiff's range of daily activities; Plaintiff securing unemployment benefits by presumably "hold[ing] herself out as ready, willing, and able to work"; numerous emergency department visits that did not result in intensive or in-patient care; and treatment notes prescribing medicinal care for Plaintiff rather than surgical intervention. Tr. 27-28.

It is not the role of this court to review the evidence relied upon by the ALJ and make an alternative credibility determination; rather, it is the role of this court to determine if the ALJ relied on substantial evidence in making a credibility determination. *See Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) ("In reviewing for substantial evidence, the court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the [Commissioner]."). Plaintiff contends that the ALJ cannot have relied on substantial evidence because the ALJ mischaracterized and "misstate[d]" the evidence. ECF No. 23 at 4. Specifically, in his objections, Plaintiff focuses on one piece of evidence the ALJ claims to have relied on: Plaintiff's daily activities. Tr. 27-28. Plaintiff contends that it is "patently obvious" that his limited daily activities "are hardly the equivalent of the ability to do full-time work." *Id.* at 3. As an initial matter, the court notes that the ALJ does not ignore Plaintiff's limitations and takes these limitations into account in arriving at an adjusted RFC of "light work." Tr. 25. Moreover, the ALJ's conclusions are based on more than just her consideration of Plaintiff's daily activities, but are also based on the weight of the evidence in medical records and treatment notes as discussed above. Therefore, the court finds the ALJ's conclusions regarding Plaintiff's RFC and credibility to be supported by substantial evidence.

**B.     Plaintiff's Ability to Afford Treatment**

Plaintiff objects to a series of statements made by the ALJ in her discussion of Plaintiff's allegations of pain. ECF No. 23 at 5. The statements at issue are as follows:

> Beyond that, although the record contains a number of emergency department visits, most visits were for similar complaints of back and abdominal pain, with little in the way of objective findings, and without recommendation for aggressive, intensive, or in-patient care.
>
> Lastly, the medical evidence of record establishes that, with appropriate medicinal compliance, the claimant's impairments can be easily controlled with mere conservative treatment.

Tr. 28. Plaintiff interprets these statements as improper references to Plaintiff's ability to afford treatment, and thus, the Magistrate Judge erred in accepting these statements without further analysis. ECF No. 23 at 5. While Plaintiff correctly asserts that a claimant should not be penalized for failing to seek treatment he or she cannot afford, the court is unconvinced that the ALJ's statements offer criticism for Plaintiff not seeking further treatment.

First, by way of providing context for the ALJ's statements, the court notes that the statements are offered in a list of "factors that indicate that [Plaintiff's] condition did not rise to the level of severity that was alleged." Tr. 27. In this list of factors, the ALJ focuses on places in the medical record where one might expect to find corroborating evidence of the severity and intensity of Plaintiff's pain; however, as discussed in the preceding section, the ALJ found no such corroborating evidence. The court finds that the ALJ's statement regarding Plaintiff's emergency room visits was not intended to highlight that Plaintiff could not afford "more structured medical care," as the Plaintiff asserts; on the contrary, the ALJ suggests that these visits might have ended in more aggressive, in-patient care if Plaintiff had presented the severe pain he claims to have

experienced. Likewise, the court finds the ALJ's statement that "medicinal compliance" could control Plaintiff's impairments was not intended to suggest that Plaintiff could not afford more expensive treatment. On the contrary, the ALJ seems to suggest that one of the treating physicians might have offered a treatment more aggressive than pain medicine if Plaintiff had presented the severe pain he claims to have experienced. *See* Tr. Ex. 6F, 10F, 13F, 14F, 16F, and 18F. The court finds the ALJ's statements to be proper and supported by substantial evidence. Plaintiff's objection is without merit.

## IV.  CONCLUSION

After reviewing the entire record, the applicable law, the briefs of counsel, the findings and recommendations of the Magistrate Judge, and Plaintiff's objections, this court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference.  For the reasons set out hereinabove and in the Report and Recommendation, the Commissioner's final decision of no disability is **affirmed**.

**IT IS SO ORDERED**.

 s/ Margaret B. Seymour
MARGARET B. SEYMOUR
Senior United States District Judge

August 22, 2016

Columbia, South Carolina